1353-433

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PENNY EARLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-05816 |
| | ) | |
| COMMUNITY LOAN SERVICING, LLC | ) | |
| f/k/a BAYVIEW LOAN SERVICING, LLC, | ) | Honorable Robert M. Dow, Jr. |
| M&M MORTGAGE SERVICES, INC., and | ) | |
| JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Defendant, COMMUNITY LOAN SERVICING, LLC f/k/a BAYVIEW LOAN SERVICING, LLC, by and through its attorneys, James V. Noonan, and Pamela J. Leichtling, and M & M Mortgage Services, Inc., by and through its attorney, Louis J. Manetti Jr., hereby move for a Confidentiality Order pursuant to Fed. Civ. P. Rule 26 (C) as follows:

1. On October 30, 2021, Plaintiff filed the instant complaint alleging violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 et seq., trespass to real property, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. and intrusion upon seclusion.

2. On December 27, 2021, CLS/Bayview filed its Answer and Affirmative Defenses denying all allegations of the Complaint. On January 18, 2022, Defendant, M & M Mortgage Services, Inc. ("M & M") filed its Answer and Affirmative Defenses.

3. The parties have exchanged written discovery responses. Prior to producing documents, CLS/Bayview and M & M request this Court to enter a Confidentiality Order to protect their interests and their customers' privacy, in financial, proprietary, and confidential information.

(A copy of the proposed LR 26.2 Model Confidentiality, redlined, is attached to the motion, pursuant to this court's standing order).

4. Rule 26 (C) provides for the court to control and limit discovery and the entry of a Confidentiality Order is within the Court's discretion. See, Fed. R. Civ. P. 26 (c)(1); also see, *Lenoir v. City of Chicago*, 2018 WL 11222964 (N.D. Ill.). The movant must show "good cause" for the entry of the confidentiality order. *Id.* The good-cause analysis is case specific with the court balancing the parties' interests taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order. See, *Calhoun v. City of Chicago,* 273 F.R.D. 421, 422 (N.D. Ill. 2011).

5. A Confidentiality Order is necessary because CLS/Bayview has a statutory obligation to safeguard the security and confidentiality of its customers' records and information. See Graham-Leach-Bliley Act, 15 U.S.C. § 6801 (financial institutions have an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic information). Plaintiff requested CLS/Bayview's business records regarding the servicing of Plaintiff's note and mortgage for the property in question (the "Loan"). These records contain Plaintiff's financial information, communications between Plaintiff and CLS/Bayview regarding Plaintiff's finances and other confidential information which would not be disclosed to the public or to the co-defendant, M & M but for this litigation.

6. Further, Plaintiff's discovery requests seek the identities of persons/employees associated with CLS/Bayview, and M & M and communications between CLS/Bayview and M & M. A confidentiality order would protect the identities of these persons and any potential harassment in their personal lives.

7. Plaintiff's request for documents seeks information regarding the manner of business between CLS/Bayview and M & M, including pricing information. The business practices between defendants are proprietary and not subject to public disclosure especially to its competitors as to agreed upon pricing for services rendered.

8. Similarly, and for M&M's part, Plaintiff's request for documents seeks agreements between M&M and its vendors. The information contained in these documents is proprietary and not subject to public disclosure.

9. Plaintiff's law firm has filed other class action lawsuits against mortgage servicers, and they should not be allowed to use this litigation as a "fishing expedition" or the information disclosed in discovery to fuel future litigation.

10. If the class is certified, CLS/Bayview continuing statutory obligation to protect the privacy and to safeguard each purported class member's financial information applies to each purported class member. See, 15 U.S.C. § 6801. CLS/Bayview's loan files, business and servicing records cannot be disclosed among the class members, including the Plaintiff. The purported class members' privacy protections became heightened, if the court certifies the purported class.

11. On July 21, 2022, Plaintiff consented to the proposed Confidentiality Order.

Wherefore, Defendant, Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC prays that this Court enter the Confidentiality Order, a copy of which is attached.

                                        Respectfully submitted,

                                        /s/ Pamela J. Leichtling
                                        Attorney for Defendant
                                        Community Loan Servicing LLC
                                        f/k/a Bayview Loan Servicing, LLC

James V. Noonan #6200366
Pamela J. Leichtling #6183213
Noonan & Lieberman, Ltd.

`Case: 1:21-cv-05816 Document #: 41 Filed: 07/26/22 Page 4 of 16 PageID #:239`

Body:
33 N. LaSalle Street, Suite 1150
Chicago, Illinois 60602
312-431-1455
jnoonan@noonanandlieberman.com
pliechtling@noonanandlieberman.com

Footer: 4 and 1047636\311106617.v1

33 N. LaSalle Street, Suite 1150
Chicago, Illinois 60602
312-431-1455
jnoonan@noonanandlieberman.com
pliechtling@noonanandlieberman.com

1047636\311106617.v1

1353-433

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNY EARLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-05816 |
| | ) |
| COMMUNITY LOAN SERVICING, LLC | ) |
| f/k/a BAYVIEW LOAN SERVICING, LLC, | ) Honorable Robert M. Dow, Jr. |
| M&M MORTGAGE SERVICES, INC., and | ) |
| JOHN DOES 1-20, | ) |
| | ) |
| Defendants. | ) |

## CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order,. ~~A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public and the Court.~~

Accordingly, it is ORDERED:

**Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.

1. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets, clients or client

1

information; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; ~~or~~ (g) personnel or employment records of a person who is not a party to the case; (h) insurance policies; (i) service agreements or contracts between Community Loan Services, LLC f/k/a Bayview Loan Services, LLC and M & M Mortgages Services Inc. (j) Community Loan Services, LLC f/k/a Bayview Loan Services, LLC business and servicing records regarding Plaintiff's note and mortgage (the "Loan"), which are the subject of this lawsuit, documents generated by Community Loan Services, LLC f/k/a Bayview Loan Services, LLC in servicing the plaintiff's loan; (k) and agreements or contracts between M&M and any vendors implicated by the discovery requests.

1.~~2.~~ In the event the class is certified, any documents produced by Community Loan Services LLC f/k/a Bayview Loan Services LLC relating to any purported class member's note and mortgage, or documents generated by Community Loan Services, LLC f/k/a Bayview Loan Services, LLC in servicing the purported class member's loan will be deemed Confidential and marked "Attorneys Eyes Only." . ~~Information or documents that are available to the public may not be designated as Confidential Information.~~

**Designation.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior

to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

2.3.

3.4.**Certification.** The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

4.5.**Depositions.** Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition

3

1047636\311106658.v1

testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

**5.6.Protection of Confidential Material.**

    a. **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph b for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative class. If the class is certified, Confidential Information and documents marked "Attorneys Eyes Only"- may not be disclosed to plaintiff.

    b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in paragraphs 8-12. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information.

    c. **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action.

    d. **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

    e. **The Court and its personnel**.

    f. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

    g. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

h. **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.;

i. **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

j. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

k. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6.7.**Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.8.**Inadvertent Failure to Designate and Inadvertent Disclosure.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document.; provided, however, that a failure to serve a timely Notice of

5

1047636\311106658.v1

~~Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.~~ If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

If information inadvertently produced in discovery is subject to a claim of privilege or of work-product protection, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, each receiving party must promptly return, sequester, or destroy the specified information and any copies; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed the information to third parties before being notified; and may promptly present the information to the court under seal for a determination of the claim.

8.9. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with local rules and procedures.

9.10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that

6

1047636\311106658.v1

it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

<del>10.</del><ins>11.</ins> **Challenges by a Party to Designation as Confidential Information.**

  a. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

  b. **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

  c. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

  d. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.12. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

  a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  b. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

  c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as

authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.14. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.15. **Obligations on Conclusion of Litigation.**

    a. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b. **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    c. The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails)

that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

c.

15.16. **Retention of Work Product and one set of Filed Documents.**

   a. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

16.17. **Deletion of Documents filed under Seal.** An Order of this Court directed to the Clerk of Court is necessary to delete or remove any documents filed under seal.

17.18. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.19. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 201(c)

of the Illinois Code of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.20.  **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

***So Ordered.***

Dated: _____, 20221     _____
                                                                         Judge

Prepared by:

/s/ Pamela J. Leichtling     s/s Pamela J. Leichlting
Pamela J. Leichtling,
Attorney for Defendant
Community Loan Servicing LLC
f/k/a Bayview
Loan Servicing, LLC

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNY EARLE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-05816 |
| | ) |
| COMMUNITY LOAN SERVICING, LLC | ) |
| f/k/a BAYVIEW LOAN SERVICING, LLC, | ) Honorable Robert M. Dow, Jr. |
| M&M MORTGAGE SERVICES, INC., and | ) |
| JOHN DOES 1-20, | ) |
| | ) |
| Defendants. | ) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____, 2022~~1~~ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Circuit Court of Cook County, Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____